UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID TURNER                                                              CIVIL ACTION

VERSUS                                                                         15-286-SDD-RLB

JOSHUA BRUNK,
CENTRAL REFRIGERATED SERVICE, INC.,
AND RED ROCK RISK RETENTION GROUP

### RULING

Before the Court is the Defendants, Central Refrigerated Service, Inc. and Red Rock Risk Retention Group, Inc.'s *Motion to Exclude the Opinion Testimony and Computer Animation of Cody D. Roberts*.[1] The Motion is opposed.[2] For the reasons which follow, the Court GRANTS the Motion and the opinions and computer animation of Cody D. Roberts shall be excluded.

Cody D. Roberts, is offered by Plaintiff to provide opinion testimony and a computer animation, ostensibly in the field of accident reconstruction, on the cause of the motor vehicle accident which is the subject of this action.

The party seeking to offer opinion testimony has the burden to "demonstrate that the expert's findings and conclusions are based on the scientific method, and, therefore, are reliable".[3] Federal Rule of Evidence 702 permits:

---

[1] Rec. Doc. 10.
[2] Rec. Doc. 12.
[3] *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269, 276 (5th Cir. 1998).

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In undertaking its gatekeeper function, the Court must first analyze "whether the expert possesses the requisite qualifications to render opinion on a particular subject matter."[4] If satisfied that the proposed expert has requisite "knowledge, skill, experience, training, or education" to provide opinions in the proffered field, the court next inquires whether the opinions are reliable and relevant.[5]

The Court finds that Cody Roberts lacks the "knowledge, skill, experience, training, or education" to provide the opinion testimony sought to be offered. Roberts is a Civil Engineer by education with professional experience exclusively and entirely in the field of construction project management.[6]  Roberts's computer modeling and animation experience has been solely in the area of preparing marketing materials. He has utterly no experience, training, or education in the field of accident reconstruction or motor vehicle accident root cause analysis.[7] Plaintiff fails to demonstrate that Roberts meets the threshold qualification requirements of Rule 702.

---

[4] *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).
[5] *United States v. Valencia,* 600 F.3d 389, 434, n. 9 (5th Cir. 2010); See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993).
[6] Rec. Doc. 10-1.
[7] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009); See *Wilson*, 163 F.3d at 937.

Additionally, the Court finds that the methodology employed by Roberts fails to satisfy the reliability requirement for opinion testimony. "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and ... be more than unsupported speculation or subjective belief."[8] *Daubert* instructs Courts to evaluate "whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology can be reliably applied to the facts at issue."[9] The entirety of Roberts's opinions rest on a phone interview with the Plaintiff and the police report. Roberts's opinions are not even remotely grounded in "methods of procedures of science".[10]

Finally, Plaintiff fails to demonstrate that Roberts's proposed opinions would provide any meaningful assistance to the trier of fact. A jury is fully able to evaluate the testimony of the Plaintiff and draw its own conclusions. Likewise, a jury can consider the testimony of the investigating officer and the physical damage to the vehicles as documented by the officer to arrive at reasoned conclusions from the facts.

For the foregoing reasons, the *Motion in Limine*[11] is GRANTED and Cody D. Roberts, P.E. shall be excluded form offering opinion testimony and animations at the trial of this matter.

Signed in Baton Rouge, Louisiana on <u>December 6, 2016</u>.

            *Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] *Johnson v. Arkema, Inc.,* 685 F.3d 452, 459 (5th Cir. 2012).
[9] 509 U.S. at 592-93.
[10] *Johnson,* 685 F. 3d at 459.
[11] Rec. Doc. 10.